PAYNE, J.,
concurring:
¶ 10.1 concur with the majority’s resolution of this case. I write separately to reinforce my concern that the asset division chart employed by the majority could be read to suggest that the $12,000 at issue is a separate asset of the husband and not marital property. When otherwise separate funds are commingled and invested in joint property, the separate funds lose their non-marital character. Tillman v. Tillman, 716 So.2d 1090, 1094 (Miss.1998). Thus, there should be no question that when the $12,000 inheritance money was invested in the house lot, it lost its separate, non-marital status.
¶ 11. When this Court initially remanded this matter to the chancellor, we specifically held that the $12,000 was marital property, subject to equitable distribution and that holding has not now changed. However, our goal is to look at the entire marital estate and not each individual asset to ensure an equitable division. Id. As I find that equity was achieved by the court below, the chancellor’s failure to designate the $12,000 as marital property after our remand is inconsequential with regard to the disposition of this case. Accordingly, I concur in the judgment; however, I think it would be an incorrect statement of law for this Court to give even a remote impression that the $12,000 was the separate, non-distributable asset of the husband.
¶ 12.1 concur in the judgment.
KING, P.J., JOINS THIS SEPARATE WRITTEN OPINION.